Electronically Filed - St Louis County - July 16, 2018 - 02:25 PM

## IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| ROOSEVELT WALKER, )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>FEDERAL EXPRESS CORPORATION, )<br>)<br>)<br>**Defendant.** ) | **Cause No.** 17SL-CC00895-01<br><br>**Division No. 19** |

### FEDERAL EXPRESS CORPORATION'S ANSWER TO PLAINTIFF'S AMENDED PETITION

Defendant Federal Express Corporation ("FedEx"), through undersigned counsel, submit its Answer and Affirmative Defenses to Plaintiff's Amended Petition. All allegations that are not expressly admitted are hereby denied. In response to the first unnumbered paragraph of the Amended Petition, Defendant admits only that the Amended Petition purports to allege claims arising under Discrimination (age and retaliation) & hostile and unsafe work environment. Defendant also avers that Plaintiff purports he has filed a complaint with the Missouri Commission on Human Rights and Occupational Safety and Health Administration. Defendant admits only that Roosevelt Walker was employed by Federal Express Corporation as a Handler and his manager was Michael Sheehan. FedEx lacks the requisite knowledge or information to admit or deny the remaining allegations set forth in the unnumbered paragraph of Plaintiff's Petition, and, therefore, FedEx denies the same.

### STATEMENT OF JURISDICTION

1. FedEx admits the allegations complained of in paragraph 1 of the Amended Petition.

Exhibit B

2. FedEx admits the allegations complained of in paragraph 2 of the Amended Petition.

3. FedEx denies the allegations complained of in paragraph 3 of the Amended Petition.

4. FedEx admits the allegations complained of in paragraph 4 of the Amended Petition.

5. FedEx admits the allegations complained of in paragraph 5 of the Amended Petition.

6. FedEx admits only that Plaintiff purports to describe the basis for his claims against FedEx arise under the Missouri Human Rights Act, Mo. Rev. Stat. §213.010 et seq.

7. FedEx admits only that Plaintiff purports the alleged unlawful practices plead in this petition were committed within St Louis County, Missouri.

8. FedEx is without sufficient knowledge to admit or deny the allegations complained of in paragraph 8 of the Amended Petition and therefore denies same.

9. FedEx admits the allegations complained of in paragraph 9 of the Amended Petition.

10. FedEx admits the allegations complained of in paragraph 10 of the Amended Petition.

11. FedEx is without sufficient knowledge to admit or deny the allegations complained of in paragraph 11 of the Amended Petition and therefore denies same.

## ADMINISTRATIVE PROCEDURES

12. FedEx admits the allegations complained of in paragraph 12 of the Amended

Petition.

13. FedEx admits the allegations complained of in paragraph 13 of the Amended Petition.

14. FedEx is without sufficient knowledge to admit or deny the allegations complained of in paragraph 14 of the Amended Petition and therefore denies same.

## ALLEGATIONS COMMON TO ALL COUNTS

15. FedEx admits it employed Plaintiff from his date of hire of October 10, 2005 until his retirement date of August 30, 2016.

16. FedEx admits the allegations complained of in paragraph 16 of the Amended Petition

17. FedEx admits the allegations complained of in paragraph 17 of the Amended Petition.

18. FedEx denies the allegations complained of in paragraph 18 of the Amended Petition.

19. FedEx admits the allegations complained of in paragraph 19 of the Amended Petition.

20. FedEx denies the allegations complained of in paragraph 20 of the Amended Petition.

21. FedEx denies the allegations complained of in paragraph 21 of the Amended Petition.

22. FedEx is without sufficient knowledge to admit or deny the allegations complained of in paragraph 22 of the Amended Petition and therefore denies

Electronically Filed - St Louis County - July 16, 2018 - 02:25 PM

Electronically Filed - St Louis County - July 16, 2018 - 02:25 PM

same.

23. FedEx denies the allegations complained of in paragraph 23 of the Amended Petition.

24. FedEx denies the allegations complained of in paragraph 24 of the Amended Petition.

25. FedEx denies the allegations complained of in paragraph 25 of the Amended Petition.

26. FedEx denies the allegations complained of in paragraph 26 of the Amended Petition.

27. FedEx is without knowledge to admit or deny the allegations complained of in paragraph 27 of the Amended Petition and therefore denies same.

28. FedEx denies the allegations complained of in paragraph 28 of the Amended Petition.

29. FedEx admits neither age-related comments nor derogatory encouragements to quit or retire were made to the Plaintiff or any other employee of FedEx.

30. FedEx denies the allegations complained of in paragraph 30 of the Amended Petition.

31. FedEx denies the allegations complained of in paragraph 31 of the Amended Petition.  FedEx avers that it is common practice to send group text messages updating employees of absences.

32. FedEx denies the allegations complained of in paragraph 32 of the Amended Petition.

## COUNT I – AGE DISCRIMINATION

**Violation under Mo. Rev. Stat. 213.010 et seq. Age Discrimination against Defendant**

33. FedEx hereby restates and incorporates by reference its admissions, denials, and responses contained in paragraphs 1 through 32 herein.

34. FedEx admits the allegations complained of in paragraph 34 of the Amended Petition.

35. FedEx denies the allegations complained of in paragraph 35 of the Amended Petition.

36. FedEx is without sufficient knowledge to admit or deny the allegations complained of in paragraph 36 of the Amended Petition and therefore denies same. Plaintiff does not specify to whom he refers when he states "the above described perpetrators." Furthermore, Plaintiff's use of the term "perpetrators" is speculative because FedEx avers it has not violated any law or statute.

37. FedEx denies the allegations complained of in paragraph 37 of the Amended Petition.

38. FedEx denies the allegations complained of in paragraph 38 of the Amended Petition.

39. FedEx denies the allegations complained of in paragraph 39 of the Amended Petition.

40. FedEx denies the allegations complained of in paragraph 40 of the Amended Petition.  FedEx avers Plaintiff retired from his employment with FedEx.

41. FedEx denies the allegations complained of in paragraph 41 of the Amended Petition.

42. FedEx denies the allegations complained of in paragraph 42 of the Amended Petition.

## Count II

**Violation under Mo. Rev. Stat. 213.010 et seq. Retaliation against Defendant**

43. FedEx hereby restates and incorporates by reference its admissions, denials, and responses contained in paragraphs 1 through 42 herein.

44. FedEx denies the allegations complained of in paragraph 44 of the Amended Petition.

45. FedEx denies the allegations complained of in paragraph 45 of the Amended Petition.

46. FedEx denies the allegations complained of in paragraph 46 of the Amended Petition. FedEx avers that Plaintiff retired from employment with the Defendant on August 30, 2016.

47. FedEx denies the allegations complained of in paragraph 47 of the Amended Petition. FedEx avers that Plaintiff retired from employment with the Defendant on August 30, 2016.

48. FedEx denies the allegations complained of in paragraph 48 of the Amended Petition.

49. FedEx denies the allegations complained of in paragraph 49 of the Amended Petition.

50. FedEx denies the allegations complained of in paragraph 50 of the Amended Petition.

## PRAYER FOR RELIEF

FedEx denies that Plaintiff is entitled to the relief sought in Plaintiff's demands and denies that Plaintiff is entitled to any relief whatsoever. All allegations of the Amended Petition which have not been specifically admitted, modified, or denied above are hereby **DENIED**.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's purported causes of action are barred, in whole or in part, by the applicable statute or statutes of limitations and all other applicable timing requirements and limitations.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim upon which relief can be granted and should therefore be dismissed.

### THIRD AFFIRMATIVE DEFENSE

To the extent Plaintiff executed an Employment Agreement requiring that he bring any action against FedEx within six months of the alleged violation, his claims are subject to such contractual statute of limitations.

### FOURTH AFFIRMATIVE DEFENSE

Some of or all of the claims are barred by the failure to exhaust administrative remedies in a timely manner.

### FIFTH AFFIRMATIVE DEFENSE

Defendant alleges that Plaintiff failed to exercise reasonable care to mitigate the damages, if any, caused by any conduct of Defendant.

Electronically Filed - St Louis County - July 16, 2018 - 02:25 PM

## SIXTH AFFIRMATIVE DEFENSE

Each employment action that Defendant took with respect to Plaintiff was in compliance with FedEx policy and for a legitimate, non-discriminatory business purpose and without regard to his race, age, color, national origin, or any other protected classification.

## SEVENTH AFFIRMATIVE DEFENSE

At all times relevant to this suit, Defendant acted with good faith and without malice based upon all relevant facts and circumstances known by the Defendant at the time it acted with regard to Plaintiff, and had reasonable grounds for believing its actions were not in violation of any law. Even if a factor in Defendant's decision would have included any alleged discriminatory or retaliatory motive alleged by the Plaintiff, which Defendant, denies, Defendant would have made the same decisions in any event for legitimate nondiscriminatory reasons.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant avers that if any of the allegations of unlawful conduct contained in the Petition are found to have any merit, their actions were neither the cause nor the proximate cause of Plaintiff's alleged injuries.

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges that the Petition and each cause of action set forth therein are barred because all conduct toward Plaintiff was undertaken by reason of business necessity and/or for lawful business reasons.

### TENTH AFFIRMATIVE DEFENSE

Defendant took prompt and appropriate corrective action and exercised reasonable care to prevent and promptly correct any alleged discriminatory behavior against the Plaintiff.

### ELEVENTH AFFIRMATIVE DEFENSE

Without admitting any allegation contained in Plaintiff's Petition, Defendant avers that Plaintiff's claim for damages are barred, because he cannot prove by clear and convincing evidence that Defendant acted with actual malice or reckless indifference for his protected rights. Further, punitive damages are not warranted, because Plaintiff cannot show that Defendant authorized the doing of any unlawful act; that its agents or employees were unfit and Defendant was reckless in employing them.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant avers that this action is frivolous, unreasonable and groundless and accordingly, Defendant is entitled to recover its attorney's fees and other cost associated with defense of this action.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that some or all of the damages, if any, may be barred by the after-acquired evidence doctrine.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that compliance with the standard's requirements was functionally impossible, or would prevent workers from completing required work, and there was no feasible alternative means of providing equivalent protection for workers

## FIFTEETH AFFIRMATIVE DEFENSE

Defendant alleges that complying with the standard would have created a greater hazard than noncompliance, there were no alternative means of employee protection that would have been as effective, and applying for a variance from the standard would have been inappropriate.

## SIXTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that a violation occurred because of employee misconduct that FedEx could not have prevented, FedEx did not know about the violation, the Plaintiff violated a work rule that would have prevented the violation, the Plaintiff knew of the work rule, because it had been adequately communicated, and the work rule had been enforced in the workplace.

## SEVENTEETH AFFIRMATIVE DEFENSE

Defendant avers that it cannot be held liable for the acts of its employees which it neither authorized nor ratified.

## EIGHTEETH AFFIRMATIVE DEFENSE

Defendant avers that if any of the allegations of unlawful harassment contained in the Petition are found to have merit, such acts did not occur with sufficient frequency to create an abusive or hostile work environment.

## NINETEETH AFFIRMATIVE DEFENSE

Defendant avers that if any of the allegations of unlawful harassment contained in the Petition are found to have merit, the conduct was not offensive to a reasonable person.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendant avers that any back pay amounts allegedly owed to Plaintiff must be offset by Plaintiff's interim earnings and/or amounts earnable by Plaintiff with reasonable diligence.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Defendant avers that Plaintiff was terminable at will.

Defendant reserves the right to assert further affirmative defenses as they become evident through discovery or investigation.  Wherefore, having fully answered, Defendant prays that this Court will enter judgment in its favor, and award costs, including reasonable attorney's fees, and other relief as may be just and proper.

Dated: July 16, 2018

Respectfully submitted,

/s/Brian Coleman
Brian Coleman, TN#034524
(Admitted Pro Hac Vice)
FEDERAL EXPRESS CORPORATION
Legal Department – Litigation
3620 Hacks Cross Road, Bldg, B, 3rd Fl.
Memphis, Tennessee 38125
(901) 434-8574
(901) 434-9279 fax
brian.coleman@fedex.com

and

/s/ Robert L. Ortbals, Jr.
Robert L. Ortbals Jr., #56540MO
CONSTANGY, BROOKS, SMITH &PROPHETE, LLP
7733 Forsyth Boulevard, Suite 1325
St. Louis, Missouri 63105
Telephone: (314) 925-7270
Facsimile: (314) 925-7278
rortbals@constangy.com

ATTORNEYS FOR DEFENDANT
 FEDERAL EXPRESS CORPORATION

**CERTIFICATE OF SERVICE**

I hereby certify that on July 16, 2018, the foregoing document was filed and served via operation of the Missouri eFiling System, which sent an electronic copy to:

> J. Clayton Schaeffer,
> 7710 Carondelet Ave., Suite 105
> Clayton, MO. 63105
> 314-492-2577
> JCS@schaefferlawstl.com

> /s/Robert L. Ortbals, Jr.

1286742