UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| ROOSEVELT WALKER, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 4:19-cv-00068-AGF |
| | ) | |
| FEDERAL EXPRESS, | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's motion to remand the case to the state court from which it was removed. ECF No. 6. For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

This is the Court's second examination of its subject matter jurisdiction in this case. Plaintiff Roosevelt Walker worked for Defendant Federal Express earning approximately $15,000 per year until August 30, 2016, when, at age 61, Walker left the company allegedly due to age discrimination and a hostile and unsafe work environment. Walker originally filed suit pro se in March 2017 in Missouri state court. His petition incorporated his complaints with the Missouri Commission on Human Rights and the federal Occupational Safety and Health Administration but failed to specify the relief sought. Defendant removed the case to this Court, which remanded the case back to state court for lack of subject matter jurisdiction, reasoning that: (1) OSHA does not create a

private cause of action, so Plaintiff had no claim invoking federal question jurisdiction, and (2) the amount in controversy could not satisfy the threshold for diversity jurisdiction. More specifically with respect to the latter, the Court noted that Walker did not claim front pay, damages for emotional distress, or punitive damages, so the amount in controversy could not be expected to exceed $75,000 without pure speculation. *Walker v. Federal Express*, Case No. 4:17-CV-1503-AGF, ECF No. 8.

Walker filed an amended petition in state court in July 2018, this time represented by counsel, asserting claims of age discrimination and retaliation under the Missouri Human Rights Act (Mo. Rev. Stat. § 213.010 et seq.) and seeking multiple forms of damages, including back pay, front pay, damages for emotional distress, and punitive damages. On October 24, 2018, Defendant served on Plaintiff a request for admission asking Plaintiff to admit or deny that he was seeking damages over $75,000. On December 17, 2018, Plaintiff responded that he sought $19,976.34 in compensatory damages, $14,986 in punitive damages (representing one year's salary), and $7,500 in legal fees, for a total settlement demand of $42,462.34, but that he would seek punitive damages over $75,000 at trial.

On January 16, 2019, Defendant again removed the case to this Court (ECF No. 5), asserting that Plaintiff's claim for punitive damages now satisfies the monetary threshold for diversity jurisdiction under 28 U.S.C. § 1332(a). Plaintiff again moved to remand, observing that the mere availability of punitive damages under the MHRA is insufficient to support a finding that the amount in controversy exceeds $75,000. *Walz v. FedEx Office & Print Services, Inc.*, 2:12-CV-04188-NKL, 2012 WL 5386058, at *2

(W.D. Mo. Nov. 2, 2012). Defendant opposes remand, contending that: (1) given the passage of time since Plaintiff's separation, and assuming a trial date of February 2020, his back pay ($15,000 x 3.5 years = $52,500) plus two years of front pay ($30,000) alone would satisfy the threshold; (2) Plaintiff could receive emotional distress damages of at least $50,000; (3) Plaintiff could receive punitive damages over $75,000; and (3) Plaintiff seeks at least $7,500 in attorney fees. Plaintiff has not filed a reply brief, and the time to do so has passed.

## DISCUSSION

### Legal Standards

Federal district courts have diversity jurisdiction over all civil actions between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). In removal cases, the district court reviews the state court petition and the notice of removal to determine whether it has jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii); *Ratermann v. Cellco P'ship*, No. 4:09 CV 126 DDN, 2009 WL 1139232, at *3 (E.D. Mo. Apr. 28, 2009). As the party invoking jurisdiction, the removing defendant bears the burden of proving by a preponderance of the evidence that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B); *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009). "The preponderance of the evidence standard requires a defendant to demonstrate by sufficient proof that a plaintiff's verdict reasonably may exceed the jurisdictional amount." *City of Univ. City, Mo. v. AT & T Wireless Servs., Inc.*, 229 F. Supp. 2d 927, 932 (E.D. Mo.2004). Under this standard, the jurisdictional fact is not whether the damages are greater than the requisite amount, but

3

whether a fact finder *might* legally conclude that they are. *Bell*, 557 F.3d. at 959 (emphasis original). Speculation and belief that a plaintiff's damages exceed $75,000 are insufficient to meet the burden of proof. *Biomedical Sys. Corp. v. Crawford*, 4:15CV1775 CDP, 2016 WL 147146, at *2 (E.D. Mo. Jan. 13, 2016). When a state court petition seeks an unspecified amount of damages, the court must make a factual inquiry into the amount in controversy. In doing so, the court can consider the plaintiff's settlement offers. *Branch v. Wheaton Van Lines, Inc.*, 4:14-CV-01735-AGF, 2014 WL 6461372, at *1–2 (E.D. Mo. Nov. 17, 2014).

**Back Pay and Front Pay**

Normally, back pay is calculated based on the difference between what the plaintiff would have earned had he remained employed and what he actually earned, counting from the date of termination until the date of reinstatement or judgment. *Clark v. Matthews Int'l Corp.*, 639 F.3d 391, 396 (8th Cir. 2011). Thus, according to Defendant's calculation and assuming a trial date of February 2020, Plaintiff may claim back pay of $52,500 ($15,000 x 3.5 years). Plaintiff makes no attempt to dispute this estimate.

Although reinstatement is the preferable remedy in MHRA claims, front pay may be awarded where reinstatement is not feasible. *See Gilliland v. Missouri Athletic Club*, 273 S.W.3d 516, 520 n. 3 (Mo. 2009); *Sellers v. Mineta,* 358 F.3d 1058, 1063-64 (8th Cir. 2004). Plaintiff does not seek reinstatement, and the allegations in his petition suggest that reinstatement would not be feasible, physically or interpersonally. Defendant submits that Plaintiff could reasonably recover an award of two years' salary

4

(i.e., $30,000). *See, e.g., Browning v. President Riverboat Casino-Missouri, Inc.*, 139 F.3d 631, 637 (8th Cir. 1998) (affirming two years of front pay). Again, Plaintiff has made no attempt to dispute this possibility.

Defendant's uncontested calculations demonstrate that a fact finder might legally conclude that Plaintiff's back and front pay damages exceed $75,000.

**Punitive Damages**

To recover punitive damages under the MHRA, a plaintiff must show wanton, willful conduct or a reckless disregard for consequences. Plaintiff has alleged overtly discriminatory comments by Plaintiff's supervisors over an extended period of time and has expressly confirmed his intent to seek damages over $75,000 if this matter goes to trial. Defendant cites cases where punitive damages ranging from $37,500 to $350,000 have been awarded in MHRA cases. *See e.g., Turner v. Kansas City Pub. Sch.*, 488 S.W.3d 719, 726 (Mo. App. W.D. 2016) (affirming $37,500 in retaliation case); *McGhee v. Schreiber Foods, Inc.*, 502 S.W.3d 658, 675 (Mo. App. W.D. 2016) (affirming $350,000 in disparate treatment case). Based on the foregoing, the Court does not find it entirely speculative that Plaintiff could obtain an award of punitive damages in this case.

The case cited by Plaintiff for his contrary position is distinguishable. In *Walz*, the defendant relied on the mere fact that the plaintiff sought punitive damages, without discussing whether the allegations in the complaint, if proven, might justify an award. 2012 WL 5386058, at *3. The court deemed the record insufficient, and thus the defendant's argument too speculative, to incorporate potential punitive damages into an evaluation of the amount in controversy. *Id*. Here, by contrast, the record contains the

5

specific allegations of wanton, willful conduct described in Plaintiff's complaint and his explicit intent to seek punitive damages over $75,000.

### Emotional Distress

Plaintiff's petition contains unspecific allegations with respect to garden variety emotional distress. Without more, the Court is unable to factor this aspect of Plaintiff's claim into any evaluation of the amount in controversy without improper speculation.

### Attorney Fees

Section 213.111.2 of the MHRA permits a prevailing party to recover attorney fees. Plaintiff claims that he has incurred $7,500 in fees at this early stage of the case. Defendant cites several cases where courts have awarded five- and six-figure awards for attorney fees in MHRA cases. *See e.g., Hyster v. Ethel Hedgeman Lyle Acad.*, 4:08-CV-1664 CAS, 2009 WL 1850912, at *3 (E.D. Mo. June 29, 2009) ($25,000 on default judgment); *Al-Birekdar v. Chrysler Group, LLC*, 499 Fed. Appx. 641, 646 (8th Cir. 2013) ($55,650). The Court does not find entirely speculative that this case, if litigated to a verdict, could result in an award of attorney fees that would, when combined with damages, render the amount in controversy in excess of $75,000.

## CONCLUSION

Given Defendant's uncontested calculations of back and front pay, Plaintiff's own admission with respect to punitive damages, and the natural accrual of attorney fees should this case proceed to a verdict, the Court finds that Defendant has sufficiently demonstrated that the amount in controversy exceeds $75,000.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to remand is **DENIED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of June, 2019